**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James R. Mills,
    Petitioner

vs                                Case No. 1:02cv664
                                     (Spiegel, J.; Black, M.J.)

Wanza Jackson,
    Respondent

**REPORT AND RECOMMENDATION**

      Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, as supplemented, and petitioner's traverse. (Docs. 1, 4, 6, 8).

**Procedural Background**

      In January 1999, the Butler County, Ohio, grand jury indicted petitioner on one count of rape as defined in Ohio Rev. Code § 2907.02(A)(2), two counts of kidnapping as defined in Ohio Rev. Code §§ 2905.01(A) (2), .01 (A)(3), and one count of grand theft of a motor vehicle as defined in Ohio Rev. Code § 2913.02(A)(1). (Doc. 4, Ex. A). After a trial by jury, petitioner was found guilty of all charges except one of the kidnapping counts. (Doc. 4, Exs. K, L). The court sentenced petitioner to a sentences of five years for the rape, nine years for the kidnapping, to run consecutively and seventeen months for the grand theft motor vehicle offense, to be

served concurrently. (Doc. 4, Ex, O).

With the assistance of counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, raising the following assignments of error:

> 1. The trial court erred to the prejudice of defendant-appellant when it refused to grant him a new trial.
>
> 2. The trial court erred to the prejudice of defendant-appellant when it permitted the state to call a rebuttal witness that the state had not listed in its discovery response.
>
> 3. The trial court erred to the prejudice of defendant-appellant when it overruled his motion to suppress.
>
> 4. The trial court erred to the prejudice of defendant-appellant when it refused to fully and completely answer a question from the jury.
>
> 5. The trial court erred to the prejudice of defendant-appellant when it found him to be a sexual predator.
>
> 6. The defendant's conviction for rape and kidnapping was against the manifest weight of the evidence.
>
> 7. Defendant-appellant received the ineffective assistance of counsel.
>
> 8. The cumulative error in this case deprived defendant-appellant of a fair trial.

(Doc. 4, Ex. T). On March 12, 2001, the Ohio Court of Appeals affirmed the trial court's judgment. (*Id.,* Ex. V).

Through new counsel, petitioner timely appealed to the Supreme Court of Ohio, raising the following sole proposition of law:

> 1. A accused is denied a fair trial where state knows of the existence of potentially exculpatory serological trace evidence but, due to time constraints and "best evidence" policy, lab fails to conduct analysis or

disclose existence of the same to the defense.

(*Id.*, Ex. X). On July 25, 2001, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (*Id.,* Ex. Z).

On January 25, 2002, petitioner filed a pro se application for reopening in the Ohio Court of Appeals in which he asserted that his appellate counsel was ineffective for failing to raise the following issues:

> (1) the indictment was constitutionally defective; (2) the trial court erroneously permitted the prosecutor to present a theory that was not brought up before the grand jury; and (3) ineffective assistance of counsel for failing to call the victim's physician as a witness.

(See Doc. 4, Ex. F1). On February 12, 2002, the Ohio Court of Appeals denied petitioner's application as untimely. (*Id.,* Exs. F1, G1).

Although petitioner's attorney on direct appeal was promptly notified of the decision, petitioner was not. (Doc. 4, Ex.H1). Petitioner attempted to appeal the ruling to the Supreme Court of Ohio, but his documents were returned to him by the Clerk's Office because they were submitted out of time. (Doc. 6, Ex. B0).

On June 27, 2002, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Ohio. (Doc. 8, Ex. 1). On July 31, 2002, the Supreme Court of Ohio sua sponte dismissed the petition, noting that it had been "considered in a manner prescribed by law." (Doc. 4, Ex. I1).

Petitioner filed the instant amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief which are quoted verbatim:

> **GROUND ONE:** Conviction obtained by prosecutorial misconduct.
>
> **GROUND TWO:** Conviction obtained by Judicial Misconduct.
>
> **GROUND THREE:** Conviction obtained by the unconstitutional failure of the Prosecution to disclose to the defendant, evidence

3

favorable to the Defendant.

**GROUND FOUR:** Conviction obtained by denial of Rights to have compulsory process to procure the attendance to [sic] witness in his behalf.

**GROUND FIVE:** Conviction obtained by Denial of Effective Assistance of Counsel.

**GROUND SIX:** Denial of Right to Appeal.

**GROUND SEVEN:** Conviction obtained by Denial of fair trial and due process and equal protection of law.

(Doc. 1, Habeas Petition).

In his return of writ, respondent argues that most of petitioner's grounds for relief have been waived due to procedural defaults committed in the state courts except his claim that the prosecutor failed to disclose the existence of the seat cover found in the vehicle in which the rape occurred, asserted in grounds one through three. (Doc. 4).

## OPINION

### I. With two exceptions, petitioner has waived his grounds for relief due to procedural defaults committed in state court.

As a preliminary matter, this Court must determine whether this court may reach the merits of petitioner's claims or whether petitioner has waived his claims by committing a procedural default in the state courts. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair

presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through to the state's highest court or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324. In order to obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

In ground one of the petition, petitioner asserts that the prosecutor engaged in misconduct by failing to give proper notice of a rebuttal witness, Rachel Carter, and by withholding evidence of a videotape from the bar where petitioner and the victim

5

met. In ground two, petitioner alleges that the trial court erred by permitting Ms. Carter's testimony, by failing to grant a new trial due to the late disclosure of the videotape, by allowing a police officer to testify about petitioner's statements to him, by refusing to answer a jury question and in classifying petitioner as a sexual predator. In ground three, petitioner reiterates his claim that the prosecution improperly withheld the videotape. In ground five, petitioner asserts that his trial counsel was constitutionally ineffective for failing to pursue an investigation of the videotape, for failing to properly defend him at the sexual predator hearing, and for failing to object to the judge's refusal to answer the jury's question. In his seventh ground for relief, petitioner asserts that these errors cumulatively denied him a fair trial.

In this case, although petitioner did present these claims to the Ohio Court of Appeals, petitioner did not present these claims to the Ohio Supreme Court on direct appeal. Petitioner committed a procedural default by failing to present these claims to Ohio's courts on direct appeal. *See Leroy,* 757 F.2d at 97, 99-100. He has waived the claims for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct any alleged constitutional error. *See id.*; *see also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986).

Therefore, this Court may not consider these claims unless he shows cause for the default and actual prejudice as a result of the alleged errors, or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. As cause and as an independent claim for relief, petitioner argues that his counsel in the Supreme Court of Ohio was constitutionally ineffective. (Doc. 1, Ground five; Doc. 6 at 2-3).

Ineffective assistance of appellate counsel may constitute cause for a procedural default. *Murray,* 477 U.S. at 488. The constitutional right to have counsel appointed extends to the first appeal of right, and not to a discretionary appeal on direct review of a conviction. *Pennsylvania v. Finley,* 481 U.S. 551 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974). Petitioner's appeal to the Ohio Supreme Court is a discretionary appeal which the Ohio Supreme Court may allow or disallow. Rule II, Section 1(A)(3) of the Rules of Practice of the Supreme Court of Ohio. Therefore, petitioner does not have a constitutional right to the assistance of counsel during that appeal. Since there is no constitutional right to counsel on appeal to the Ohio Supreme Court, there is no constitutional right to the effective assistance of counsel during that proceeding. *Cf.*

*Coleman,* 501 U.S. at 752; *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). For this reason, counsel's failure to present petitioner's claims on appeal to the Ohio Supreme Court cannot constitute cause excusing petitioner's procedural default nor does it constitute an independent ground for relief. *Cf. Coleman,* 501 U.S. at 757; *Hernandez v. Terhune,* 27 Fed.Appx 841, 843, 2001 WL 1480671, at *1 (9th Cir. Nov. 20, 2001), *cert. denied,* 536 U.S. 924 (2002); *Riggins v. Turner,* No. 95-4027, 1997 WL 144214, at **2 (6th Cir. March 27, 1997); *Turner v. Farley,* No. 93-3821, 1995 WL 251003, at **3 (7th Cir. April 28, 1995).

Petitioner has not provided any other justification for the procedural default of the claims enumerated above. Moreover, petitioner has not demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice because of his actual innocence. Although he has argued that he has new evidence which establishes his innocence, i.e., the testimony of Dr. Rogers, the emergency room physician who examined the victim (Doc. 6), he fails to demonstrate how Dr. Rogers' testimony would be exculpatory and the record does not support his assertion that Dr. Rogers' would exonerate petitioner. (*See* Doc. 6, Exs. C1-3) Moreover, his testimony would not constitute new evidence because petitioner was aware of Dr. Rogers during his trial.

Petitioner argues that he has presented his claims to the Supreme Court of Ohio by means of a state petition for habeas corpus. Respondent responds that petitioner's state petition does not cure his default because a state habeas corpus petition may not be used as a substitute for a direct appeal.

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris v. Reed,* 489 U.S. 255, 260-62 (1989). The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules, including the failure to make a timely objection at trial. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985). An adequate and independent finding of procedural default will preclude habeas corpus review of the federal claim, unless the petitioner can show "cause" for the default and "prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750

(1991); *Harris,* 489 U.S. at 262.

The *Harris* presumption assists courts in determining when a state court decision relies on an adequate and independent state ground precluding federal habeas corpus review. If the decision of the last state court to which petitioner presented his claims fairly appears "to rest primarily on federal law or to be interwoven with federal law," *Coleman,* 501 U.S. at 735, the federal court must presume that there is no independent and adequate state ground for the decision unless the state court "clearly and expressly" states that its judgment rests on a state procedural bar, *Harris,* 489 U.S. at 263.

The United States Supreme Court has identified two methods for federal courts to determine whether an unexplained order, such as the one issued by the Supreme Court of Ohio on petitioner's petition for a writ of habeas corpus, rests primarily on federal grounds or on a procedural default based on state law. In some cases, the surrounding circumstances and the nature of the disposition indicate the basis of the unexplained order. For example, in *Coleman,* the United States Supreme Court concluded that the unexplained order of the Virginia Supreme Court was based on a procedural default because the appeal was out of time, and the state based its motion to dismiss entirely upon the procedural bar and the Virginia Supreme Court dismissed rather than denied the appeal. *See Ylst v. Nunnemaker,* 501 U.S. 797, 802 (1991).

The United States Supreme Court conceded that "such clues will not always, or even ordinarily, be available." *Id.* at 802-803.

> Indeed, sometimes the members of the court issuing an unexplained order will not themselves have agreed upon its rationale, so that the basis of the decision is not merely undiscoverable but nonexistent.
>
> The problem we face arises, of course, because many formulary orders are not meant to convey anything as to the reason for the decision. Attributing a reason is therefore both difficult and artificial.

*Id.*

As a second method, a federal court should "look through" the order to the last reasoned state court judgment on the same claim and presume that the unexplained order rests on the same grounds as that judgment. *Id.; Hull v. Freeman,* 991 F.2d 86,

8

89 (3rd Cir. 1993). In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst,* 501 U.S. at 803; *Couch v. Jabe,* 951 F.2d 94, 96-97 (6th Cir. 1991). In cases where the last reasoned state court judgment rejects the federal claim on the merits, the court will presume that a later unexplained order upholding the judgment or rejecting the claim did not invoke a procedural default. *Id.* These presumptions are rebuttable by "strong evidence." *Ylst,* 50l U.S. at 804. For example, although the last reasoned state court opinion relied upon a federal ground, respondent can show that a later appeal to the court that issued the unexplained order was untimely and that the "court did not ordinarily waive such a procedural default without saying so." *Id.*; *see Hull,* 991 F.2d at 89-91.

The *Harris* presumption is not applicable to the instant case because the order of the Ohio Supreme Court does not appear to rest primarily on or be interwoven with federal law. *See Coleman,* 501 U.S. at 739-40; *Ylst,* 501 U.S. at 802. Like *Coleman,* the surrounding circumstances of this case and the nature of the court's disposition, help to provide a basis for determining whether the Ohio Supreme Court relied on a procedural default in dismissing petitioner's appeal. Under Ohio Rev. Code § 2725.05, if the petitioner is in custody by virtue of a state court judgment and the court has jurisdiction to issue the judgment, the "writ of habeas corpus shall not be allowed." When petitioner does not attack the jurisdiction of the court, but rather asserts that the trial court committed a non-jurisdictional error in the underlying case, the state court *sua sponte* dismisses the petition unless the petitioner has no other legal remedy. *See Wilson v. Rogers,* 623 N.E.2d 1210 (Ohio 1993); *Tillis v. Gansheimer*, No. 2002-A-0099, 2003 WL 943790, at *2-3 (Ohio Ct. App. March 7, 2003); *see also Brewer v. Dahlberg,* 942 F.2d 328, 337 (6th Cir. 1991). In this case, the Supreme Court of Ohio *sua sponte* dismissed the petition. Although the Supreme Court of Ohio was silent as to its reasons, a federal court may assume that the state courts follow their own rules and base their decisions on applicable procedural grounds. *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (citing *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir. 1996)), *petition for cert. filed* (U.S. June 30, 2004) (No. 04-6312). Since petitioner did have the remedy of a direct appeal and did not raise jurisdictional errors, the summary disposition of this case indicates a dismissal based on § 2725.05 and not on

9

the merits of the claims raised.[1] *But cf. Hunter v. Aispuro,* 982 F.2d 344, 346-348 (9th Cir. 1992), *cert. denied,* 510 U.S. 887 (1993).

The same conclusion would be reached if this Court applied the *Ylst* presumption: This Court would look through the unexplained order of the Ohio Supreme Court with respect to the state habeas petition to the last reasoned state court judgment - the decision of the Ohio Court of Appeals on direct appeal. This Court can presume that the Ohio Supreme Court's order rests on the same grounds as the Ohio Court of Appeals' judgment which was on the merits absent strong evidence otherwise. In this case, as explained above, there was strong evidence in the form of the court's disposition and the existence of a mandatory state statute.

In addition, the court notes that petitioner cannot be said to have fairly presented his claims to the state's highest court, when he has done so through a procedure which does not allow the court to reach the merits of his claims.

Accordingly, petitioner has waived the claims he presented to the Ohio Court of Appeals on direct review which he did not pursue on appeal to the Supreme Court of Ohio.

In the instant petition, petitioner has also raised three claims that he did not present on direct appeal either at the Court of Appeals level or on discretionary review to the Supreme Court of Ohio. These claims are that the indictment was defective (ground one) and that trial counsel failed to challenge it (ground five), that the trial judge allowed the state to present a theory which was not considered by the grand jury (ground two) and that trial counsel was ineffective for failing to subpoena Dr. Rogers, the emergency room physician who examined the victim (ground four). Because petitioner has failed to present these claims to the Ohio courts, he has waived the claims for purposes of habeas corpus relief absent a showing of cause or prejudice or actual innocence.

As part of ground five, petitioner argues that his counsel on direct appeal to the Ohio Court of appeals was ineffective for failing to raise all his grounds for relief. Ineffective assistance of appellate counsel may constitute cause for a procedural

---

[1] The notation "upon consideration on the merits" found on the docket sheet stems from the Clerk, not the judges of the Supreme Court of Ohio, and in any event, designates a final disposition, not the nature of the decision. (Doc. 8 at 5-6, Ex. R2).

default, *Murray,* 477 U.S. at 488, unless that claim also has been procedurally defaulted, *Edwards v. Carpenter,* 529 U.S. 446, 452 (2000).

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed adequate or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

Petitioner first presented his ineffective assistance of appellate counsel claim to the state court in his application for reopening pursuant to Rule 26 (B) of the Ohio Rules of Appellate Procedure. (Doc. 4, Ex. D1). The Ohio Court of Appeals, the last court to render a reasoned opinion on petitioner's claim, denied the application because petitioner had failed to show good cause for his untimely filing. (Doc. 4, Exs. F1, G1). The Ohio Court of Appeals, was the last court to render a reasoned opinion on petitioner's claim. The Ohio Supreme Court's later unexplained decision summarily dismissing the appeal "as not involving any substantial constitutional question" must be presumed to rest on the same procedural default. *Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995), and *Ylst,* 501 U.S. at 803-04), *cert. denied,* 531 U.S. 1089 (2001).

The state law ground relied on by the Ohio courts in rejecting petitioner's ineffective assistance of appellate counsel claims, turning upon the "good cause" requirement in Rule 26(B), was an adequate basis for decision. In 2002, at the time of petitioner's application to reopen his appeal, it was a well-established, regularly followed practice in Ohio for the courts to foreclose review of untimely ineffective assistance of appellate counsel claims brought in an application to reopen an appeal. *Monzo v. Edwards,* 281 F.3d 568, 577-578 (6th Cir. 2002); *see Knuckles v. Brigano,* 70 Fed.Appx. 830, 841, 2003 WL 21771949, at **11 (6th Cir. July 22, 2003), *cert. denied,* 508 U.S. 981 (2004); *Lewis v. Randle,* 36 Fed.Appx. 817, 819, 2002 WL 847985, at **2 (6th Cir. April 30, 2002), *cert. denied,* 537 U.S. 1137 (2003); *cf. Carpenter v. Edwards,* 113 Fed. Appx. 672, 677, 2004 WL 2452546, at *4 (6th Cir. Oct. 28, 2004) (holding that Rule 26(B) was not regularly followed in 1994, but by 1998 application of rule had been regularized).

11

Accordingly, petitioner's ineffective assistance of appellate counsel claim is barred from review by this Court, either as cause for default of his other claims or as an independent claim, absent a showing of cause and prejudice, or that a fundamental miscarriage of justice will result if the claim is not considered.

As cause for his untimely filing of his application for reopening, petitioner asserts that he is a layman, that his access to the institutional law library is limited, and that his appellate counsel failed to file within the ninety-day time frame. (Doc. 4, Ex. D1).

To establish cause, petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Carrier,* 477 U.S. at 488; s*ee Coleman,* 501 U.S. at 753 ("[C]ause" is "something external to the petitioner" which "cannot be fairly attributed to him.") Petitioner's ignorance of the law or the appropriate state court procedures does not constitute cause. *See Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995)).

Moreover, inmates are not entitled to an unrestricted right to a law library or legal assistance; instead, they are entitled to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Petitioner's conclusory allegation concerning limited access to the law library fails to establish that the "alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Id.* at 351. *See Bonilla,* 370 F.3d at 498.

Finally, as the appellate court noted "counsel cannot be expected to raise his own ineffectiveness." (Doc. 4, Ex. F1 at 2 n.1). Mr. Miller, petitioner's counsel on appeal to the Ohio Court of Appeals, stated that his legal relationship with petitioner terminated when the conviction was affirmed. (Doc. 6, Ex. B20).

Petitioner has failed to establish cause for the procedural default of his ineffective assistance of appellate counsel claim in the state courts. Moreover, petitioner has not demonstrated a fundamental miscarriage of justice will occur if this claim is not addressed on the merits by this Court. Accordingly, the Court concludes that petitioner has waived his ineffective assistance of appellate counsel, asserted in ground five. Since petitioner has waived his ineffective assistance of appellate counsel claim, this Court is precluded from considering the inadequacy of appellate counsel as

a justification for petitioner's procedural default in the state courts of claims which he failed to present to the Ohio Court of Appeals. Because petitioner has not provided any further justification for the default of these claims and has not established his actual innocence such that a miscarriage of justice will occur if this court fails to consider the claims, he has waived the claims for purposes of habeas corpus relief.

Alternatively, this Court further finds that petitioner's claims asserting that the indictment was defective (ground one) and that trial counsel failed to challenge it (ground five), that the trial judge allowed the state to present a theory which was not considered by the grand jury (ground two) and that trial counsel was ineffective for failing to subpoena Dr. Rogers, the emergency room physician who examined the victim (ground four) are conclusory and without substance. Accordingly, petitioner is not entitled to habeas corpus relief on the merits of these claims.

## II. Petitioner is not entitled to habeas corpus relief on the basis of his claim that he was denied a right to appeal asserted as ground six.

In his sixth ground for relief, petitioner asserts that he was denied his right to an appeal because the Ohio Court of Appeals failed to provide him with timely notice of the ruling denying his application for reopening and as a result he was prevented from timely filing an appeal of that ruling to the Supreme Court of Ohio. Since petitioner's appeal to the Supreme Court of Ohio is not an appeal of right, but rather a discretionary appeal, petitioner has no constitutional right to that appeal. *Pennsylvania v. Finley,* 481 U.S. 551 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974).

## III. Petitioner is not entitled to habeas corpus relief on the basis of his claim that the prosecution withheld evidence of a seat cover, asserted in grounds one, two and three of the petition.

In grounds one, two and three of the petition, petitioner contends that the prosecutor violated his due process rights when he failed to turn over to him a stained seat cover from the victim's car.

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court,

or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

When a state court fails to address the constitutional issues raised the federal court conducts a de novo review, instead of applying the AEDPA standard of review which applies only to cases "adjudicated on the merits in state court." *Maples v. Stegall,* 340 F.3d 433, 436-437 (6th Cir. 2003) (finding that in *Wiggins v. Smith,* 123 S.Ct. 2527 (2003), Supreme Court reviewed portion of claim not analyzed by state court de novo, without deferring to the state court or applying AEDPA's standard of reasonableness); *see Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003); *Davis v.*

*Secretary for the Dep't of Corrections,* 341 F.3d 1310, 1312 (11th Cir. 2003).

To establish a *Brady* violation, it must be shown that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the suppressed evidence was material to guilt or punishment, "irrespective of the good faith or bad faith of the prosecution." *Moore v. Illinois,* 408 U.S. 786, 794-95 (1972); s*ee also Brady,* 373 U.S. at 87; *Bowling v. Parker,* 138 F.Supp.2d 821, 880 (E.D. Ky. 2001), *aff'd,* 344 F.3d 487 (6th Cir. 2003), *cert. denied,* 125 S.Ct. 281 (2004). Evidence is deemed "material" under *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley,* 473 U.S. at 682. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome" of the trial. *Id.* "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs,* 427 U.S. 97, 109-10 (1976). This standard for determining materiality focuses on the defendant's guilt or innocence, rather than on the impact of the undisclosed evidence on the defendant's ability to prepare for trial. *United States v. Phillip,* 948 F.2d 241, 249 (6th Cir. 1991) (citing *Agurs,* 427 U.S. at 112 n.20), *cert. denied,* 504 U.S. 930 (1992).

Impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley,* 473 U.S. at 676. Impeachment evidence is considered "evidence favorable to the accused" because the jury's assessment of the reliability and truthfulness of a given witness may well be determinative of the defendant's guilt or innocence. *Id.*; *see also Giglio v. United States,* 405 U.S. 150, 153 (1972). On the other hand, evidence that tends to inculpate the defendant or that is neither facially exculpatory nor impeaching does not fall under *Brady*'s proscription. *United States v. Simpson,* 901 F.2d 1223, 1228 (5th Cir. 1990); *United States v. Comosona,* 848 F.2d 1110, 1115 (10th Cir. 1988); *cf. Agurs,* 427 U.S. at 112 n.20; *Phillip,* 948 F.2d at 250.

The *Brady* principles apply only to a complete failure to disclose exculpatory information. *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986), *cert. denied* 480 U.S. 922 (1987); *United States v. Holloway*, 740 F.2d 1373, 1381 (6th Cir.), *cert. denied*, 469 U. S. 1021 (1984). Tardy disclosures of exculpatory evidence do not violate *Brady* unless the defendant has been prejudiced by the delay in disclosure. *Id.* If the disclosure is made "in time for full and adequate correction," no prejudice to the defense occurs. *Holloway*, 740 F.2d at 1381, quoting *United States v. Enright*, 579 F.2d 980, 989 (6th Cir. 1978).

15

The victim in this case testified that petitioner raped her in her car. Initially petitioner denied having sex with the victim, but at trial he revised his story, testifying that he had consensual sex with her in a friend's house. (Doc. 4, Ex. V). Detective Rogers collected the stained seat cover from her car and submitted it for forensic testing. (*Id.*). The tests were not done because the state believed it had sufficient evidence. (*Id.*). The vaginal swabs of the victim contained DNA which matched that of petitioner. (*Id.*). Petitioner's counsel discovered the existence of the seat cover on his cross examination of Detective Rogers. (Tr. 140-141). He made no request that the seat cover be provided to him or that the trial be continued to analyze the stain. (*Id.*).

The Ohio Court of Appeals rejected petitioner's *Brady* claim for the following reasons:

> [W]e simply do not know whether the substance of the stain is, in fact, semen; whether DNA could be extracted from the semen; or whether any extracted DNA would have matched appellant's DNA. Moreover, appellant did not request a continuance in order to view or test the seat cover once the state disclosed its existence. Indeed, even if appellant's own expert or BCI had tested the seat cover, the resulting DNA analysis might have inculpated appellant instead of exculpating him.
>
> . . .
>
> Even assuming the evidence was favorable to appellant and would have been admissible, it was not potentially exculpatory . . . .Appellant, however, claimed at trial that he had consensual sex with T.W. in a location other than the car. Indeed, DNA evidence taken from a vaginal swab confirmed that appellant had sex with T.W. Given the other DNA evidence admitted here, the results of DNA obtained from the seat cover, if favorable to appellant's theory, would not have necessarily exonerated him.
>
> We find that the seat cover withheld by the state was not material so as to deny appellant due process under *Brady*. In our opinion, it would be pure speculation to grant a new trial based upon the mere possibility that the seat cover's stain may or may not be semen, that DNA could be extracted if the stain is semen, and that the DNA contained in the semen

16

might not match appellant. We can only speculate as to whether its non-disclosure undermined the reliability of the outcome of the proceedings. Even assuming that test results would have been admitted into evidence, the results would not have necessarily exculpated appellant of the crime.

(Doc. 4, Ex. V at 21-22).

Petitioner contends that if the seat cover stain is not semen, that would have bolstered his claim that consensual sex occurred in a bathroom and would have discredited the victim's position that the rape occurred in her car. The possibility that the stain may not be semen does not lead to the conclusion that petitioner did not rape the victim in her car. In fact, that the stain may not be semen is not very meaningful evidence at all. Petitioner has not convinced this Court that there is a reasonable probability that, had the seat cover been provided prior to trial, the result of the proceeding would have been different.

Accordingly, the decision of the Ohio Court of Appeals denying petitioner's claim of prosecutorial misconduct in discovery was neither contrary to nor involved an unreasonable application of the United States Supreme Court's decision in *Brady* and was not unreasonable in light of the record evidence.

In addition, this Court questions whether *Brady* applies in this case. In effect, petitioner's discovery of the existence of the seat cover at trial was equivalent to a tardy disclosure to which *Brady* does not ordinarily apply unless petitioner was prejudiced by the delay. Typically, counsel must request a continuance to preserve a claim of prejudice from delayed disclosure. *United States v. Smith,* 292 F.3d 90, 102 (1st Cir. 2002) (and cases cited therein), *cert. denied,* 538 U.S. 933 (2003). Although defense counsel filed a motion for a new trial raising this claim, counsel's silence during trial is an indication that he had sufficient opportunity to use the evidence. *Id.* Apparently, he failed to move for a continuance to avoid the risk of testing the seat cover and eliciting an inculpatory finding.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

17

2. A certificate of appealability should not issue with respect to petitioner's *Brady* claim concerning the state's withholding of the seat cover alleged in grounds one, two and three and petitioner's sixth ground for relief because reasonable jurists could not debate whether these claim should have been resolved in a different manner and, alternatively, whether the issues presented in these grounds for relief are "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). A certificate of appealability should issue with respect to the dismissal on procedural default grounds of the petitioner's claims for relief alleged in grounds one, two, four, five and seven of the petition because "jurists of reason would find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  March 18, 2005  
    hr

 s/Timothy S. Black  
Timothy S. Black  
United States Magistrate Judge

J:\ROSENBEH\2254(2005)\02-664waive&Brady.wpd

---

[2]Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether the grounds state a valid constitutional claim. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

James R. Mills,
    Petitioner

vs                                        Case No. 1:02cv664
                                               (Spiegel, J.; Black, M.J.)

Wanza Jackson,
    Respondent

## NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).