UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES R. MILLS,                    :          NO. C-1-02-CV-664
                                   :
        Petitioner,                :
                                   :
    v.                             :          **OPINION & ORDER**
                                   :
                                   :
WANZA JACKSON, WARDEN,             :
                                   :
                                   :
        Respondent.                :


This matter is before the Court on the Magistrate Judge's March 18, 2005 Report and Recommendation (doc. 10) and Petitioner's Objections (doc. 11).

A 1999 Butler County, Ohio grand jury indicted Petitioner James R. Mills on one count of rape, two counts of kidnaping, and one count of grand theft of a motor vehicle (doc. 10). After a trial by jury, the Petitioner was convicted on all charges except for the kidnaping count (<u>Id</u>.). The court sentenced petitioner to five years for the rape, nine years for the kidnaping to run consecutively and seventeen months for the grand theft motor vehicle offense to be served concurrently (<u>Id</u>.). On March 12, 2001, the Ohio Court of Appeals later affirmed the trial court's judgment (<u>Id</u>.). Petitioner then retained new counsel and filed an appeal with the Supreme Court of Ohio (<u>Id</u>.). The Supreme Court of Ohio subsequently denied leave to appeal and dismissed Petitioner's later appeal in which he claimed denial of a fair trial (<u>Id</u>.).

Subsequently, Petitioner filed a <u>pro</u> <u>se</u> application claiming his counsel during his appeal process with the Ohio Court of Appeals provided ineffective assistance (<u>Id</u>.). Both the Ohio Court of Appeals and Supreme Court denied Petitioner's application as untimely (<u>Id</u>.). The Petitioner next filed a petition for a writ of habeas corpus in the Supreme Court of Ohio (<u>Id</u>.). The Ohio Supreme Court dismissed this petition (<u>Id</u>.).

Petitioner then filed an amended petition for a writ of habeas corpus in federal court on September 16, 2002 (doc. 11). In his Amended Complaint, Petitioner sought relief based on procedural grounds arguing that the Butler County Clerk of Courts should have notified him of the Court of Appeals' ruling (<u>Id</u>.). Petitioner also claimed prosecutorial misconduct alleging that the prosecution improperly used evidence (<u>Id</u>.). Specifically, Petitioner asserted that the prosecutor engaged in misconduct by failing to give proper notice of rebuttal witnesses, that the trial court improperly admitted this rebuttal testimony, that the prosecution improperly withheld evidence favorable to the defendant, that Petitioner's counsel tried the case ineffectively, that Petitioner was denied a right of appeal to the Ohio Supreme Court and that Petitioner did not receive a fair trial. (<u>Id</u>.).

The Magistrate Judge's Report and Recommendation advises this Court that the Petitioner filed his Petition for Writ of Habeas Corpus after the running of the statute of limitations

2

pursuant to 28 U.S.C. § 2254 (doc. 10). Furthermore, the Magistrate Judge recommends that the petition be denied with prejudice, recommends that a certificate of appealability not issue with respect to Petitioner's claim concerning the withholding of evidence relating to a seat cover, and that a certification of appealability should issue with respect to the dismissal on procedural default grounds (Id.). The Magistrate Judge urges that no certificate of appealability issue regarding the seat cover (Id.). The Magistrate Judge so urges because reasonable jurists could not debate whether these claims should have been resolved in a different manner and alternatively, whether the issue presented in this ground for relief is "adequate to deserve encouragement to proceed further" according to the standard enunciated in Slack v. McDaniel, 529 U.S. 473 (2000) (doc. 10 citing Slack at 484-85).

The Petitioner objects, arguing that the failure of the Butler County Clerk of Courts to notify him of the 12th Appellate Court's ruling resulted in his untimely appeal (doc. 11). According to Rule 26(b) of the Ohio Appellate Rules, an untimely filed application for reopening one's appeal in the Court of Appeals may be granted based on a showing of "good cause" (Id.). The Petitioner argues that the County's mistake denied him a meaningful opportunity to raise his claims on appeal or in future pro se actions and provides the necessary "good cause" to reopen

his appeal (<u>Id</u>.).  Petitioner also argues that a certificate of appealability should issue on all grounds requested (<u>Id</u>.).

        In order for this Court to determine the merits of the State's actions, the Petitioner cannot have procedurally defaulted his claims (doc. 10).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement (<u>Id</u> <u>citing</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848 (1999)).  However, where a defendant has waived his claims for purposes of federal habeas corpus review due to procedural default, his claim for relief can be granted only if he shows "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice."  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  A fundamental miscarriage of justice occurs in the extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  <u>Murray v. Carrier</u>, 477 U.S. 478, 495-96 (1986).  In order to obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the petitioner must use the evidence available to show it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt <u>Id</u>.

The Magistrate Judge reports that the Petitioner waived his right for the State court to hear each of his claims by not filing those claims in a timely manner (doc. 10 <u>citing</u> <u>Murray</u>, 477 U.S. at 485-88). The Magistrate Judge further reports that no exception applies permitting this Court to grant the petition (<u>Id</u>.). The Magistrate Judge argues that this Court should deny each of Petitioner's claims pursuant to 28 U.S.C. §2254 since the Petitioner provides no evidence to show that a reasonable probability exists that reasonable jurors would return a not guilty verdict based on the behavior of the courts, counsel, or prosecution (<u>Id</u>.). Specifically, the Magistrate Judge finds no new evidence exists to merit good cause based on the failure to subpoena Dr. Rogers, the emergency room physician who examined the victim, the failure to give proper notice of a rebuttal witness, Ms. Carter, and the failure of counsel to challenge an improper indictment (<u>Id</u>.).

The Magistrate Judge opines that none of the actions taken by the prosecutor, court, or counsel would compel a reasonable jurist to find the verdict or action by the court debatable (<u>Id</u>.). Additionally, the Magistrate Judge finds that the combination of these errors does not equate to the denial of a fair trial (<u>Id</u>.). The Magistrate Judge further notes that Petitioner is not entitled to habeas corpus relief on the basis of his denial of a right to appeal since Petitioner's right of appeal to the Ohio

State Supreme Court is not an appeal of right but rather a discretionary appeal (Id.). Finally, the Magistrate Judge reports that the petitioner is not entitled to habeas corpus relief on the basis of his claim that the prosecution withheld evidence of a seat cover since the seat cover has never been tested (Id.). In other words, it is arguable whether this seat cover would have even helped the Petitioner or whether there is reasonable probability that, had the seat cover been provided prior to the trial, the result of the proceeding would have been different (Id.).

This Court agrees with the Magistrate Judge that no exceptions apply so as to grant the petition since no evidence supports a finding of a fair probability that reasonable jurists would find the petitioner not guilty and because the Petitioner did not have an appeal of right to the Supreme Court of Ohio. The Magistrate Judge recommends that no certificate of appealability should issue concerning the state's withholding of the seat cover based on the two-part standard enunciated in Slack (Id.). The Magistrate Judge does recommend, however, that a certificate of appealability issue with respect to matters dismissed on grounds of procedural default (Id.).

The two-part standard enunciated in Slack applies to both issues because Petitioner's claims for relief have been found to be barred from review based on procedural grounds. Slack, 529 U.S. at 484. The two-part standard requires a showing that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Id. A certificate of appealability does not require a showing that the appeal will succeed nor should the court deny the petition merely because it appears the petitioner will not demonstrate an entitlement to relief. Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). The Court finds that a certificate of appealability should be granted regarding all issues since a jurist of reason could find the claims and rulings debatable. The Court disagrees with the Magistrate Judge's finding regarding the seat cover since a reasonable jurist could debate whether this claim should have been resolved in a different manner.

Therefore, having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in his Report and Recommendation, are correct in-so-far as they relate to denying with prejudice the Petitioner's petition for a writ of habeas corpus (doc. 10). As such, the Court ADOPTS the Magistrate Judge's Report and AFFIRMS the Magistrate Judge's Recommendation (doc.10). The Court DENIES Petitioner's Objections to the Magistrate's Report and Recommendation (doc. 10). However, the Court does not accept the Magistrate's Recommendation that a

certificate of appealability not be granted regarding the admission of certain evidence and accordingly GRANTS a certificate of appealability for all issues.


        SO ORDERED.


Date: June 7, 2005          /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge

8